IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR AVINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1885 |
| | § | |
| JP MORGAN CHASE BANK, N.A, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") moved to strike the expert report of James P. Mandel, Ph.D. (Docket Entry No. 22). JPMorgan alleges that Plaintiff Oscar Avina designated Mandel as an expert witness on December 19, 2008; that the Scheduling and Docket Control Order, as amended, required Avina to file an expert report no later than December 19, 2008; that Mandel's expert report is dated February 17, 2009; and that Avina did not provide the expert report to JPMorgan until October 23, 2009. (*Id.* at 1–2). JPMorgan asks the court to strike Mandel's expert report for failure to comply with Rules 16 and 26 of the Federal Rules of Civil Procedure. (*Id.* at 2). JPMorgan argues that Avina's late production of the expert report was prejudicial because the delay prevented JPMorgan's expert from preparing a rebuttal report and prevented JPMorgan from deposing Mandel within the discovery deadline. (*Id.* at 5–6). Avina has not responded to the motion to strike.

Rule 26(a)(2)(B) requires a written report to accompany the disclosure of an expert witness under Rule 26(a)(2)(A). *See* FED. R. CIV. P. 26(a)(2)(B) ("Unless otherwise stipulated or ordered by the court, this disclosure [of expert testimony] must be accompanied by a written report--prepared

and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case . . . ."). Rule 26(a)(2)(C) instructs the parties to provide the report within the time stated in a court order in the case or, if there is no such order, within the time established by the rule.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The burden is on the party that did not comply with Rule 26 to show that the failure to comply was substantially justified or harmless. *See Journet v. Vehicle VIN No. 1GRAA06283T500670*, No. H-04-4730, 2006 WL 1663708, at *10 (S.D. Tex. June 15, 2006). In determining whether the failure was substantially justified or harmless, the court considers: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Huffman v. City of Conroe, Texas*, No. H-07-1964, 2008 WL 4453563, at *1 (S.D. Tex. Sept. 26, 2008) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

This court's October 28, 2008 Scheduling and Docket Control Order stated that Rule 26 expert witness designations and reports were due December 19, 2008. (Docket Entry No. 11 at 1). The Scheduling and Docket Control Order was twice amended, but neither amendment affected the deadline for expert witness designations or reports. (Docket Entry Nos. 17, 19). Mandel's expert report was due on December 19, 2008. JPMorgan did not receive the report until October 23, 2009. Avina failed to comply with Rule 26. Avina has not shown that his failure is substantially justified

or harmless.  JPMorgan's motion to strike is granted.

       SIGNED on February 1, 2010, at Houston, Texas.

                                        Lee H. Rosenthal
                                  United States District Judge